FILED

JUL 2 8 2021

PETER A. MOORE, JR., CLERK
US DISTRICT COURT, EDNC
BY _____ DEP CLK

Vincent Procopio
4711 Hope Valley Rd., Ste. F-428
Durham, NC 27707
procopio44@gmail.com
Pro se (actively seeking representation)

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| Vincent Procopio, individually and as Personal Representative of the Estate of Robert Procopio, Jr. <br><br> Plaintiff, <br><br> vs. <br><br> Super 8 Worldwide, Inc., a subsidiary of Wyndham Worldwide; <br><br> WakeMed Raleigh Campus: <br> Jeffrey Abrams, M.D. <br> Rodney McCaskill, M.D. <br> Andrey Belayev, M.D. <br><br> Carolina Donor Services, Inc.; <br><br> Raleigh Police Department; <br><br> Does 1 – 10 inclusive. <br><br> Defendants. | Case No. 5:20-cv-00101-BO <br><br> **PLAINTIFF'S RULE 41(a) NOTICE OF VOLUNTARY DISMISSAL WITHOUT PREJUDICE** |

**PLAINTIFF'S RULE 41(a) NOTICE OF VOLUNTARY DISMISSAL WITHOUT PREJUDICE**

## PLAINTIFF'S RULE 41(a)(1)(A) NOTICE
## OF VOLUNTARY DISMISSAL WITHOUT PREJUDICE

1) Plaintiff hereby through this Notice drafted pursuant to and meeting the requirements set forth in Rule 41(a)(1)(A), FRCP dismisses voluntarily the above-captioned action without prejudice.

2) The following decisions govern this uncomplicated Notice of Voluntary Dismissal Without Prejudice filed pursuant to Rule 41(a)(1)(A):

A voluntary dismissal pursuant to Rule 41 (a) completely terminates a pending action. See Miller v. Underwood, 894 F.2d 402, 1990 WL 2277, * 1 (4th Cir. Jan. 5, 1990) (citing Long v. Board of Pardons and Paroles of Texas, 725 F.2d 306 (5th Cir. 1984)). A petitioner may not attempt to withdraw his voluntary dismissal subsequent to its filing, because the dismissal is effective upon filing and no further proceedings are proper. See Marex Titanic, Inc v. Wrecked and Abandoned Vessel, 2 F.3d 544, 547 (4th Cir. 1993); Shlikas v. Wake Forest Univ., No. 1:97CV01188, 1999 WL 1939241, *2 (M.D.N.C. May 26, 1999). Federal Rule of Civil Procedure 41 (a)(1) allows a plaintiff to dismiss an action voluntarily before an answer or summary judgment motion is filed or by stipulation of the parties. Fed. R. Civ. P. 41 (a)(1)(A). Rule 41 (a)(1)(A)(i) gives a plaintiff the right to "dismiss an action without a court order by filing a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment." See Marex Titanic, Inc. v. Wrecked Abandoned Vessel, 2 F.3d 544, 546-48 (4th Cir. 1993). Grier v. Titan Corp., 25 F. Supp. 2d 719, 720 ("Prior to trial, some claims were disposed of by way of voluntary dismissals and partial summary judgment."). The Fourth Circuit's decision in Finley Lines Joint Protective Board v. Norfolk Southern Corp., 109 F.3d 993 (4th Cir. 1997), suggests that the answer to this question is "no" and that plaintiff retains the right to voluntarily dismiss her remaining claims. The language of Rule 41(a) specifically refers to the dismissal of an "action" rather than dismissal of a "defendant." Many circuits now hold, however, that Rule 41(a)(1) allows a plaintiff to dismiss, without a court order, any defendant who has yet to serve an answer or a motion for summary judgment. Rule 41(a)(1) is "designed to permit a disengagement of the parties at the behest of the plaintiff ... in the early stages of a suit, before the defendant has expended time and effort in the preparation of his case." [Armstrong, 453 F.2d at 916]. Rule 41 (a) of the Federal Rules of Civil Procedure governs voluntary dismissals . Under Rule 41 (a)(1), a plaintiff may voluntarily dismiss an action without court approval by filing (1) a notice of dismissal before the opposing party has served either an answer or a motion for summary judgment or (2) a stipulation of dismissal signed by all parties who have appeared. Fed. R. Civ. P. 41 (a)(1)(A)(i).

3) Plaintiff is in receipt of the succession of operative Orders which have together rendered the instant action untenable from a standpoint of having even the partial remaining claims ultimately reach the merits. The R&R issued by the Magistrate, the Honorable Robert Jones, Jr., on May 25 along with the full adoption thereof by the District Court, the Honorable Terence Boyle presiding, on June 25 propose to dismiss all claims against Defendants Wakemed and Carolina Donor Services on grounds of both frivolity and failure to state a claim under the rubric of 12(b)6, leaving the claims outstanding as to Raleigh Police Department and Super 8 Worldwide. The claims in the original Complaint inadvertently positing violations of criminal statutes were understandably and concededly dismissed.

4) The District Court now orders Plaintiff show cause as to why the remaining claims should not likewise be dismissed for failure to prosecute, as the summons required for service by the Marshal have not been tendered by Plaintiff as instructed by the Court. Plaintiff has no other available means to challenge the validity of the Order besides the brief 10-day period ensuing after issuance of the
**PLAINTIFF'S RULE 41(a) NOTICE OF VOLUNTARY DISMISSAL WITHOUT PREJUDICE**

Magistrate's R&R, according to jurisprudence cited by the Court, constitutes waiver of the right to challenge the Order by motion as well as right of review through appeal.

5) The M&R issued by Magistrate, the Honorable Robert B. Jones, Jr., dated May 25, 2021 endeavored dismiss the entire span of Defendants and claims encompassing the conduct related to the medical treatment, organ donation and procurement, EMTALA, medical malpractice, and facial and as-applied constitutional challenge of statutes enacted by the North Carolina legislature which facilitate this activity in derogation of applicable provisions of the federal constitution. Through applicable provisions of the in forma pauperis statute (28 U.S.C. §1915) along with Local Rule 636 and interpreting decisions, pro se Plaintiff was afforded the opportunity to field particularized objections to the M&R identifying ascertainable legal error and any abuse of judicial discretion. Plaintiff despite diligent efforts discovered it impossible to fully brief within 10 days the legal error apparent on the face of the M&R given the complexity of the underlying issues, Plaintiff's lay status, and the decisions requiring the objections briefed with high specificity and comprehensively as condition precedent to qualify for de novo review by the District Court of the Magistrate's M&R, as well as limiting any future challenge on appeal or Rule 60 motion directed to those issues Plaintiff could fully brief in the 10-14 day period assigned to complaints fielded by impecunious litigants availing themselves of the waiver of court costs initially drafted in 28 U.S.C. §1915 to ironically ensure access to justice for those in poverty without means to pay the docketing fee for a complaint. The federal in forma pauperis statute 28 U.S.C. §1915, in exchange for waiver of the initial docketing fee for filing a complaint, requires Plaintiffs availing themselves of the benefits of the program to consent to supervisory judicial oversight of virtually all procedural aspects of the case, enforced with full sua sponte discretion to dismiss on subjective grounds at virtually any stage as conferred by the statute, originally the Prison Litigation Reform Act and as sponsored in 1995 by Senator Bob Dole and Senator Orrin Hatch hence expanded judicially to include all litigation filed on fee waiver by non-prisoner U.S. citizen litigants without means to otherwise assert their fundamental rights.

6) Plaintiff's case was filed pursuant to the provisions of 28 U.S.C. §1915 by economic necessity arising out of the requirements of Plaintiff's physical presence in this state related to opening and administering the Estate to comply with the requirements of maintaining a wrongful death action.

**PLAINTIFF'S RULE 41(a) NOTICE OF VOLUNTARY DISMISSAL WITHOUT PREJUDICE**

Plaintiff has lived consistently in San Diego, California since 2006 without interruption and after learning of the circumstances and requirements for maintenance of this action set up temporary accommodations in this state in 2018 with intent to return to California as soon as feasible. As such, Plaintiff became destitute by virtue of maintaining a physical presence here and commercial mailbox in order to receive ostensibly any service of process, and qualified for waiver of court costs proffered by such condition. Plaintiff has never had stable housing in North Carolina notwithstanding brief stints at residential hotels, with no plans to reside nor be domiciled here beyond the span and terminus of this action.

7) Plaintiff has one Hobson's choice compliments of §636(b). To submit fully briefed and particularized on time in 10 days, merely 20% of the necessary objections to constitute full and fair review of the span of legal error, which in corollary requires constructive sacrifice on appeal by default of the remaining 80 percent of objections as not preserved due to the limitations of the 10-day time constraint, and thus impliedly waived…OR eschew the 'opportunity' to brief the sliver of necessary objection allowed in the 10-day window and lose all right of review and appeal. As such, §636 attached as Quasimodo minion to magistrate dismissals of IFP cases countenances an abrupt supervisory summary dismissal with a harshly truncated window for objections as precondition to preserve issues for appeal, or otherwise be forever barred from appeal. This may be characterized by multiplicitous adjectives, albeit from such list "constitutional" is conspicuously absent.

8) As Plaintiff was unable to fully brief more than a scintilla of the necessary objections required to fully address the constitutional infirmity of the M&R in the 10 days assigned, Plaintiff inadvertently was procedurally coerced into zugzwang waiving all future right to challenge the dismissal on appeal, waiver of all future right to challenge the dismissal on post-judgment motion, and even waiver of functional de novo review of the M&R by the District Court. As such, the discretionary authority conferred through the Magistrate's Act dealt a final blow to roughly half of Plaintiff's claims and through an interpretive spiderweb of crisscrossing provisions permanently eradicated Plaintiff's right of review on appeal or motion. Plaintiff is now forced to abide by the fictional presumption that there are no objections harbored by the acquiescing and conceding Plaintiff as to the partial dismissal and accept in silence a technical default and forfeiture of the operative crux of the case in chief.

**PLAINTIFF'S RULE 41(a) NOTICE OF VOLUNTARY DISMISSAL WITHOUT PREJUDICE**

9) Notwithstanding reservations as to the propriety of establishing the enactment of the federal *in forma pauperis* statute in order to ensure access to justice for U.S. citizens without means and, in the same stroke, interpreting through adventuresome decisions the endowment of nearly unlimited judicial supervisory discretion to dismiss at any point such actions and restrict review of same for non-prisoners. It as though as conditional acceptance of the waiver of docketing fees, an adhesive contract undergirding the acceptance of conditional financial assistance as coerces abdication of the federal rights required to then advance the litigation beyond the complaint stage. In essence, the acceptance of the fee waiver extorts contractually the consent to vest all of the impecunious plaintiff's fundamental rights to constructively access the court and engage adversarially…as cabined in cistern of the good graces of the judge assigned unlimited discretionary and supervisory authority over the case all enforced by the looming shadow of summary dismissal with procedurally hobbled right of review.

10) Yet I digress and recognize the four corners of this instant notice of voluntary dismissal is not proper forum to air grievances concerning the disparate impact of federal statutes. However, it is necessary to elucidate for the Court why Plaintiff was left with no functional choice other than to now dismiss the entire action to rebut the presumption that the delay in tendering the summonses ordered by the Court was a failure in diligence instead of the necessary step to ensure the Estate is not divested of fair opportunity for recovery through procedural ambush or mistake.

11) By Order issued on 6/25 by the Honorable Terence Boyle, U.S. District Court Judge, summarily adopting and ratifying in its entirety the M&R issued by the Magistrate, Plaintiff's action was *constructively* dismissed in toto. The claims remaining as charged to Defendants Raleigh Police Department as well as Super8 were to be served by the marshal without the necessary factual material set forth in the forthcoming first amended complaint, foreclosed by the Court in a default judgment denying further extension on grounds of delay. Plaintiff's case suffered the harshest sanction available to the Court on grounds of delay caused by, inter alia, a tardy appointment as administrator of the Estate, covid restrictions impacting organizations Plaintiff was required to glean records from (see standing orders issued by this Court addressing the pervasive impact on court operations), Plaintiff's lack of resources required to maintain brisk pace of prosecution across

**PLAINTIFF'S RULE 41(a) NOTICE OF VOLUNTARY DISMISSAL WITHOUT PREJUDICE**

domains, Plaintiff's insecure housing circumstances, and certainly depressive malaise and inertia from the imbalanced lifestyle required to sustain initiative in dealing with a cadre of organizations overtly hostile to Plaintiff's requests for records and tracking. I contend such constituted good cause and satisfied the so called 'Pioneer factors' for the final extension requested and denied in Plaintiff's motion requesting preapproval of counsel pro hac vice. Nevertheless, all legally valid objections I finally was able to ascertain and research were foregone by falling well outside the 10 day allotment for the comprehensive brief.

12) Much of the legal error was evident only after scrutiny of nuanced dicta in 4th circuit jurisprudence examining the interplay of 28 USC §1915, Rule 15 liberality of leave to amend pleadings to conform to the evidence, and the propriety of sua sponte dismissal on grounds of factual insufficiency without leave to amend or contemporaneous foreclosure on forthcoming amendment otherwise corrective of the factual lacunae. Abuse of discretion is highly complex to evaluate in light of the oddball procedural circumstances inherent in this litigation, and standards translate inconsistently.

13) Underlying the M&R is supportive decisions included which seek to call Plaintiff's incomplete allegations as frivolous by invoking a series if cases casting aspersions on Plaintiff's intent through the use of terms including "nutty", or "fantastical. "That any doctor could ever make an intentional patient care error due to pressure from their employer to manage financial risk systemically through policy overlay...of course also a 'nutty' and obviously 'delusional' proposition. That a physician could ostensibly be influenced by the prospect of the patient as an authorized organ donor to prematurely withdraw life support...likewise 'nutty' (occurs regularly already all over the United States; evident in previously adjudicated suits).

14) And finally, and perhaps most apparent as progenitor error, is the notion that the complaint, having passed a previous review for frivolity, now in reprise triggers a new review against the same pleading and is now found unsurprisingly deficient against a 12(b)6 challenge issued sua sponte. This sua sponte challenge embedded implicitly the idea that Plaintiff was now being required to stand on the original armature complaint which could not have been factually robust because Plaintiff could not commence a plenary records procurement and evaluation without the cunctative

**PLAINTIFF'S RULE 41(a) NOTICE OF VOLUNTARY DISMISSAL WITHOUT PREJUDICE**

probate appointment as administrator qualified to even lodge viable records requests until just this year. Thus a reprised frivolity review identifying deficiencies wholly correctible by the forthcoming first amended complaint succeeds in dismissal only by the contemporaneous foreclosure and barring of the forthcoming first amended complaint. The caviling inherent in this chameleonic approach is unseemly and unbecoming; estoppel principles and law of the case doctrine certainly discourage litigants from such lability. A technical dismissal based on a default due to delay outside if Plaintiff's control in filing the amended complaint is dressed up as incurable substantive deficiency of the claims on basis of implicit futility, while procedurally forestalling the filing of the instrument otherwise fully remedying the admittedly tenuous claims set forth in the vestigial complaint inchoate.

15) This brings us back to Plaintiff's functional choices in lieu of the instant Rule 41 notice of voluntary dismissal. Because Plaintiff was unable for practical reasons to field a complete set of objections buttressed with on-point authority identifying the full range of constitutional transgress, legal error and abuse of discretion effected by the M&R, opportunity for review informed by appeal was coercively waived. Opportunity for challenge on motion in lieu of an appeal was coercively waived. Permanent foreclosure of lodging the first amended complaint in remediation of the original complaint was effected, thus forcing Plaintiff to stand on a complaint which was by agreement with the Court to be supplanted as the operative pleading by the corrective amendment and instead undergo the charade of defending the embryonic claims on grounds of frivolity, when the actual dismissal was one of technical default for delay in context of the Court's refusal to enlarge the time necessary under circumstances and practical considerations well beyond Plaintiff's control.

16) Indeed it is the paragon itself of frivolity to entertain the notion that frivolity can be declared as to a pleading the Court has not yet seen. It is likewise a futility to declare a proposed amendment futile without having benefit of the pleading itself.

17) So here we are in agreement the amended complaint is late; the delay was not undue in terms of the Pioneer factors, and prejudice to Defendants as justification for the punitive dismissal in lieu of a simple extension to allow the forthcoming amendment does not pass muster in context of

**PLAINTIFF'S RULE 41(a) NOTICE OF VOLUNTARY DISMISSAL WITHOUT PREJUDICE**

analogous 4th circuit cases (still early stage of litigation; still roughly within the standard statute of limitations for medical claims. The notion of punitive sanctions so severe that they cost the estate permanent opportunity to recover should be based on error committed willfully through indifference or negligence of the Plaintiff on prosecuting the action, not on cunctation of an amended pleading complicated by requirements of retainer of counsel running simultaneously with the weeks allotted to amend a very complex sets of claims by a lay plaintiff without resources. I don't seek clemency on basis of economic or social status as 'victimhood'; rather an adjudication consonant to jurisprudence guiding the exercise of discretion to avoid unnecessarily the harshest punitive sanction available to the Court for a delay not within Plaintiff's control.

18) The Court's haste in demanding Plaintiff launch this complex and comprehensive action is based on a rules template which is contoured to litigation filed, advanced and forthwith amended by licensed counsel. The Court in its supervisory role appears to conjure the However, the rules provide for a mechanism to dilate the otherwise gatekeeping initiative of the Court to allow more cumbersome cases or pro se cases to likewise reach the merits through reasonable extensions necessary to accommodate lay pleadings, as otherwise a wooden or crabbed application will invariably select for cases which are quick and easy to adjudicate and will not 'burden' the court with the arduous task of evaluating exceptions to strident procedural requirements. This initiative to limit the reach of pleadings by demanding plaintiffs squeeze them into a box like carry-on airline luggage does not speak to the rights of litigants nor the implied merit and societal value of the litigation. Kitchen-sink complaints often are filed to address kitchen-sink tort plied complex organizations with a confluence of moving parts. The rules envision enabling redress of the occasional complex action which is subject to delays in prosecuting by allowing the Court to exercise discretion in dilating of time necessary for pleadings to coalesce into proper form to preclude an otherwise unconstitutional result of summary dismissal on technicalities imposed by overzealous gatekeeping, as in when control of the docket as pretext to prune itself of lay pleadings is placed paramount to actually adjudicating the case in accord with the U.S. Supreme Court decisions which firmly place functional access to the Court for uncounselled or impecunious litigants as the higher truth relative to concerns of interpretive savvy to curtail the advancement of such cases past the complaint stage. These procedural defaults on technicalities are rarely subject to scrutiny nor effective challenge.

**PLAINTIFF'S RULE 41(a) NOTICE OF VOLUNTARY DISMISSAL WITHOUT PREJUDICE**

Page 8

Case 5:20-cv-00101-BO  Document 19  Filed 07/28/21  Page 8 of 14

19) I asseverate 10 days is inadequate to brief and particularize with specificity objections to an Order the intent, construct, and effects are complex as to what may constitute plain legal error or abuse of discretion. The objections as condition to preserve issues for appeal must be fully specified; on a comprehensive complaint with intertwined claims, coupled with procedural rules peculiar to §1915 endowment of discretionary judicial supervision over in forma pauperis plaintiffs which includes authority to dismiss at any time over the course of the action on purely subjective grounds, I found it impossible to deconstruct and elucidate the full complement of reversible error and misuse of discretion without waiving the preponderance of applicable objections. As such, at the end of the 10-day period, I was left with 300 pages of research case research and text and could not distill it into form and length requirements. I'll not insult the court nor myself by fielding a rambling hodgepodge to comply with dictate enacted with dishonorable intent.

20) As such, there attaches a rebuttable presumption, albeit erroneous, that I was afforded full and fair hearing on the matter in countenance of the 10-day period of objections, and the failure effects a permanent waiver of any subsequent challenge. An appeal would otherwise lie from the challenged order, though the issues presumably may only be preserved through the objections, and suffered thus a permanent waiver. Such appeal would otherwise be permissible for a paid complaint as the requirements for finality have been met pursuant to §1291.

21) As such, without practical recourse, Plaintiff faces the prospect of advancing the residue of the original complaint in a manner apparently consistent with block redaction of those claims dismissed pursuant to discretionary supervisory authority vested in the Court by provisions of §1915, and service of the jumbled shards of remaining text landing on the desks of Defendants for quick dispatch. The reason why this approach, from a practical standpoint regardless of any latent prejudicial animus as may be harbored by the Court, constitutes a constructive dismissal of the entire action, is because embedded in the Order is the fiat that, due to the delay, the forthcoming first amended complaint is permanently foreclosed without leave to amend, and the claims remaining likewise are thus permanently concretized in their embryonic form at stated in the original complaint.

PLAINTIFF'S RULE 41(a) NOTICE OF VOLUNTARY DISMISSAL WITHOUT PREJUDICE

22) This is of great importance in this explanatory note to the Court because the factual matter necessary to augment the complaint to sufficiency did not, and could not, have come to light until Plaintiff was finally authorized to obtain relevant records on behalf of the Estate. Plaintiff's attempts to access these records from their respective custodians were initially rejected without finalization of the letters of administration (January of this year). As a practical matter, the original Complaint was concededly factually tenuous by both Plaintiff and the Court, and the first amendment was a matter of right pursuant to Rule 15. Thus, the central core of the Court's foreclosure on the forthcoming amendment was in fact due to delay, not futility nor frivolity. In essence, a default on grounds of undue delay resulting in prejudice to Defendants. Indeed the identical document held against the initial 'frivolity' review passed muster at an earlier juncture; the reprised frivolity review now programmed a result of failure and dismissal without leave to amend, a thing a paid complaint would not be subject to without opportunity for full review. Thus the Order directed Plaintiff to defend in the Objections the original abandoned complaint on factual sufficiency, a thing already cognizable as deficient and implicitly requiring amendment. However, the error was nested in the Magistrate's recasting of a procedural default based on delay as an issue of inherent and incurable frivolity of the original complaint. This operates perniciously as a red herring to the plain legal error on the face of the RR: to wit, a procedural dismissal on technical grounds of default of a pleading which was contemporaneously concretized as the pleading Plaintiff must now forever stand on…a punishment for delay, not an incurable pleading. This smacks of punitive foreclosure deftly circumnavigating around the 4th circuit as well U.S. Supreme Court jurisprudence indicating leave to amend prior to dismissal is a mandate in analogous cases. If the constellation of practical considerations outside of Plaintiff's control, the dismissal operating as the harshest sanction available to the Court.

23) If the Court acted to preclude an ostensible amended pleading from superseding the original complaint, then original cannot be reverted to and construed as the operative complaint for purposes of an ex post facto repeat of a frivolity review of the identical pleading having already taken place, and passed muster, months prior. A first amended pleading which would have effectively superseded the original drydocked complaint *but for* the Court foreclosing on same merely on predicate of 'faded memories' amounting to prejudice in defense thereto, cannot justify by its absence a reversion to the 'operative' complaint which has been knighted artificially by the Court as

PLAINTIFF'S RULE 41(a) NOTICE OF VOLUNTARY DISMISSAL WITHOUT PREJUDICE

Page 10

Case 5:20-cv-00101-BO   Document 19   Filed 07/28/21   Page 10 of 14

a 'scab' and put to the test properly reserved for its first amendment...a thing the Court has quixotically negated on blatantly flimsy pretext. Obviously prejudice does not apply here—the action remains stalled in its early stages as opposed to nearing trial, and a three-year statute normally applies regardless to the claims dismissed over concerns of prejudice, thus abrogating virtually any claim filed within the three-year statute on equivalent grounds of faded memories. Obviously this is the Achilles heel of a somewhat pallid initiative to morcellate this action into the fugue of history.

24) As such, Plaintiff cannot in accord with duties to the Estate assent to the Court exercising supervisory discretion over Plaintiff's action merely by virtue of Plaintiff's economic status, to summarily foreclose on a necessary forthcoming amendment and lop off 70 percent of viable claims and drop the remainder of the complaint block-redacted into a manila envelope and send to remaining Defendants. This bizarre approach, to which Plaintiff was allowed 10 days to fully brief specific objections on a broad Order co-influencing a myriad of constitutional rights asserted in a rudimentary and concededly factually bereft initial complaint to have been superseded by the forthcoming First Amended Complaint, was seemingly in practical effect a programmed failure of the entire action.

25) The peculiar expansion of the Prison Litigation Reform Act to impose full judicial discretionary supervision at all times over any impecunious Plaintiff's complaint, not just prisoners as to whom the legislation was directed, and with such supervision exercised in such a manner to fully dismiss an action on technicality (tardiness) under pretensive rubric of frivolity through reprising a 'friviolity review' which had been already passed previously on the exact same document and thenceforth contriving a different result of the same pleading against the same standard. This dismissal stands in gross transgress of the federal constitution and a wide swath of well-settled 4th circuit jurisprudence.

26) Yet Plaintiff has been muzzled from appealing the result based on the 10-day hurdle of specifically briefed objections as a condition precedent or otherwise waive objections in perpetuity. And the Court essentially retains full discretionary and subjective authority to dismiss at any time across the span of the action pursuant to 28 U.S.C. §1915 and Local rule 636 along with a

**PLAINTIFF'S RULE 41(a) NOTICE OF VOLUNTARY DISMISSAL WITHOUT PREJUDICE**

smattering of caselaw suggesting they can apply such muzzle. The result is incontrovertible; impecunious plaintiffs availing themselves of participation in the fee waiver program created to enable and facilitate such Plaintiffs access to justice are then coerced to waive constitutional protections necessary to advance the action beyond the complaint stage as a precondition of the receiving the benefits of the fee waiver.

27) In deconstruction of the procedural posture of both the Court and Plaintiff in context of the Show Cause Order, the Court has foreclosed on the forthcoming first amended complaint on grounds of timeliness and reprised superfluously a previously passed frivolity review of a factually undeveloped complaint and now 'arrived' at a new 'result' which now requires dismissal on grounds of potential prejudice to the Defendants. A 12(b)6 review converted to unreviewable summary judgment under rubric of frivolity has been trundled out to attack a complaint to which forthcoming amendment was foreclosed on simple grounds of delay. This charade was choreographed against a vestigial complaint which at the time of drafting could not have been factually supplanted by the investigative records to which Plaintiff was not privy until a delayed appointment as personal representative was finalized just this year. The initial Magistrate's Order bears indicia of a species of sophistry unbecoming of the judicial office of the Magistrate.

28) Furthermore...by virtue of those definitions of frivolity the Court has unpacked here to effectuate the proposed dismissal...do not apply. This is 12b6 review trundled out against a mooted and undeveloped pleading, which requires opportunity to amend. Fair opportunity to amend would have been extended had circumstances and incremental requirements not have been additively and circumstantially stacked.

29) The constitutional rights sounding in the necessary opportunity to order review of plain error and abuse of discretion have been likewise coerced into permafrost and suspended in exchange for the waiver if court costs of filing the complaint. The right of appeal has been besmirched with the operative interpretation of §1915, 636, and wainwright et al. A 10-day period has been prescribed to cabin all objections fully briefed and specified as precondition to challenge on motion or appeal; a tall order for an impecunious litigant appearing as a lay plaintiff without legal education to fully identify all legal error and abuse of discretion, research within circuit and apply, intelligibly brief as

**PLAINTIFF'S RULE 41(a) NOTICE OF VOLUNTARY DISMISSAL WITHOUT PREJUDICE**

condition precedent of any further review, to be limited only to the scintilla of error such litigant could actually identify, brief and present in a 10-day window; a paid complaint engenders 30 days to file a basic notice of appeal and at minimum another 30 to 60 days to file a brief.

30) While objections are not an appeal, any appeal forthcoming is strictly limited to the issues preserved in the objections; another coercive waiver of rights embedded in this gatekeeping mechanism enacted under the pretense of affording a district court the ultimate right of control of their docket at the expense if the rights of the litigants to access the court. A perversion of the intent to open the courthouse doors to the poor and then turn around and coerce a 'haircut" of the full complement if constitutional rights afforded a citizen as condition precedent to avail participation in the fee waiver program. Reluctantly the courthouse doors are opened for the poor…with a plethora of webbed conditions that virtually ensure complaints bearing the necessary adversarial gradient are headed off at the pass through statutorily enabled supervisory dismissals well before the merits could possibly be reached.

31) Plaintiff is thus left with one choice based on the cascade of waived and coercively foreclosed rights resulting from the practical inability to fully brief the necessary objections to the M&R: to wit, consent and accept the Court's proffered solution: marshal service of the original skeletal complaint without amendment even of the remaining claims in form of a block-redacted atavistic lay complaint, more so a narrative, programmed itself to fail as inherently unable to withstand motion to dismiss without the augmentative amendment. As such, the adoption by the District Court wholesale of the M&R as incorporating a permanentized denial of leave to amend of all claims and proposed service of the remaining claims likewise bereft of even one amendment by right…constitutes a final dismissal of the entire action. Because Plaintiff is likewise precluded from interlocutory appeal and is left only with the Court's proposal requiring Plaintiff stand by and watch the remaining claims likewise fail while forestalling any curative amendment otherwise prophylactic of such programmed destiny, the only functional route to prosecuting the case on the merits is in paradox to voluntarily dismiss the remaining claims, and attempt to refile outside the statute of limitations on applicable equitable tolling exceptions, an admittedly very difficult proposition but the only remaining path to viability. The bedrock firmament of the Court's approach here is retributive; a punitive sanction of dismissal for delay well beyond Plaintiff's direct control.

**PLAINTIFF'S RULE 41(a) NOTICE OF VOLUNTARY DISMISSAL WITHOUT PREJUDICE**

32) As such, I nor respectfully ask the Court to honor the notice of voluntary dismissal without prejudice as captioned above and take down the instant action in toto, as Plaintiff will now attempt to refine and buttress the amended complaint foreclosed by the Court as procedural default on grounds of delay. I thenceforth may approach the Court with fully apportioned and legally sufficient complaint and requisite motion to apply the equitable tolling exceptions, esoteric as they may be, recognized by the 4th Circuit as well as the U.S. Supreme Court as bearing the necessary gravitas to overcome the granite monolith of the statute of limitations defense informing obstacle to refiling a factually robust action which may proceed to the merits without posing challenge to the Court's sensibilities and allocation of judicial resources and attention.

*Patterson v. Whitlock*, 392 Fed. Appx. 185 (4th Cir. Aug. 23, 2010)

*Scott v. Maryland State Dept. of Labor*, Record No. 15-1617 (4th Cir.)

55

Specifically, in *Broome v. Iron Tiger Logistics, Inc.*, 2018 WL 3978998 (W.D. Va. Aug 20, 2018), the court granted the plaintiff an extension under Rule 4(m) even in the absence of good cause and denied the defendant's motion to dismiss for lack of timely service.

Duly submitted this 28th Day of July, 2021.

DATED: July 28, 2021

Vincent Procopio

PLAINTIFF'S RULE 41(a) NOTICE OF VOLUNTARY DISMISSAL WITHOUT PREJUDICE